ALLEN, J.,
delivered the opinion of the court. The cases of Elder v. Elder’s ex’or and Erskine v. Henry are decisive in favour of the negroes. Judge Carr remarked, in the first of those cases, that “in the construction of wills, we are to find out the meaning, the intention, the will of the testator, and unless it violates some provision of law, it must be carried into effect.” This is the polar star to guide us in the construction of all wills. The law permits emancipation by will, and where the intention is clear, it must be observed. In the present case, upon the whole will, there would seem to be no doubt of the intention of the testator to emancipate the whole of his slaves. The will intends a disposition of his whole estate. But his slaves are not specifically bequeathed as slaves to any person. A limited interest, coupled with a charge, is given to the legatees, “the labour and raising” ; with a further restriction as to the slaves in question, that they were not to be removed out of the state, or so far as to deprive them of th«ffr freedom. And after making similar provisions as to other slaves, and the two young negroes with his sons Charles and James, he directs, that they and “all the others” shall be free at twenty-one years of age. Many of the slaves no doubt exceeded that age at the execution of the will: others might probably ^attain it before his and his wife’s death ; and for those in that condition, he provides that they shall be free on the first of January succeeding the death of himself and wife. Such as were then under that age were left to the operation of the preceding clauses, which gave their “labour and raising” to his sons, and conferred freedom on their attainment of twenty-one. No disposition being made of the slaves or their increase, they continued to be the slaves of his estate, and as such were embraced by the comprehensive grant of freedom to all the other slaves of his estate. In the case of Elder v. Elder’s ex’or, the testator directed that all the rest of his slaves should be given to a trustee to take to Liberia. It was contended there, in reference to the increase, that the mothers were slaves at the birth of the children: to which it was replied by judges Carr and Tucker — “If the children were born slaves, they were the slaves of the testator, and come within the bequest as well as their mothers.” In Erskine v. Henry, the testator bequeathed all his estate, real and personal, to R. C. during her life, and at her death all his negroes to be free: the court held, that not only the slaves living at his death, but the children born during the life estate, were his slaves, belonged to his estate, and as such were emancipated. The words in the present will are equally comprehensive; and the intention not to dispose of any of *736 the slaves as slaves, but to emancipate all, is equally manifest. ’ ' ‘ •
We do not think there is any thing in the objection to the jurisdiction or' form of proceedings. Though a testator may” emancipate by will, the right to do so is subject to the claim of creditors. ■ The assent of the executors is necessary, and until given, the slaves have no legal title to freedom which could be asserted in an -action at law; hence the necessity of an application to a court of equity. The slaves here were infants, bound to' servicd until they attained the age of twenty-one; the legatee *and his representatives had a fight to the custody of them. The bill avers an- intention to sell; and this allegation is not denied’. The ' executors insist upon their right to hold and dispose of them as absolute slaves; and if the condition of the estate' required it, they would, if their view was correct, be bound, in the proper discharge of their duty, to sell them. If redress could not be afforded by a court of chancery, the slaves would be without remedy. On both grounds,- it seems ■ to me, the ’ jurisdiction could- be maintained.
The decree is to be affirmed.*

The court held, that the boys Green and Henry were bound to service till they attained to twenty-one years of age : that the representatives of tne legatee Nathan Anderson had a right to the custody of them till then. Yet it affirmed the decree of the circuit superior court, which held that they were free from their birth, and ordered that they should be forthwith discharged from custody, though neither was then twenty-one years of age. The reason of the general affirmance probably was, that, at the time of the decree of this court, they had both attained to that age. — Note in Original Edition.